**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50513
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD BARNARD PAYNE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1683-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Reginald Barnard Payne appeals his convictions, following a jury trial, of possession of 100 kilograms or more of marijuana with intent to distribute, in violation 21 U.S.C. § 841(a), and carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Payne to 78 months in prison as to the marijuana count and 60 months as to the firearm count, with the terms to run consecutively, and to five years of supervised release.

Payne contends that the trial evidence was insufficient to support the knowledge element of the conviction. He asserts that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he did not know that the 1774.5 pounds of marijuana were concealed in Wrangler Jeans boxes in the trailer portion of his truck. Payne was stopped by Border Patrol agents near the Sierra Blanca, Texas, checkpoint while he was transporting a load of jalapeno peppers that he had retrieved earlier that day at Border Foods in Deming, New Mexico, and that he was purportedly delivering to a distributor in Marietta, Georgia.

The standard for reviewing a claim of insufficient evidence is "whether, viewing all of the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). When contraband is concealed or hidden within a vehicle, mere control of the vehicle is not sufficient to establish guilty knowledge, and the Government must adduce "additional evidence that is suspicious in nature or demonstrates guilty knowledge." See Villarreal, 324 F.3d at 322.

Even if it is assumed arguendo that the marijuana in Payne's trailer was concealed or hidden such that evidence beyond Payne's control of the vehicle was necessary to prove guilty knowledge, we hold that the evidence was sufficient for the jury to find that Payne knew that he was transporting marijuana. See id.; United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999). Payne owned and operated the tractor-trailer that he was driving. Upon being stopped on the highway, Payne was "quite nervous," was pacing and fidgeting, and was not making eye contact with agents. See Jones, 185 F.3d at 464. The street value of the marijuana,

approximately $2.1 million, allows an inference that a drug smuggler would not have entrusted the marijuana to an unwitting party.  See Villarreal, 324 F.3d at 324.

The number of the bill of lading that Payne presented to agents from Border Foods did not match the number on the seal removed by border patrol agents from the trailer's doors; the number, however, did fall within a sequence of numbers on unused seals found in the cab of Payne's truck.  There was no evidence that the tractor-trailer had ever been out of Payne's possession at a time when a third party could have secreted the drugs within his trailer.  The pallets containing marijuana were too heavy to have been loaded on the truck without heavy equipment.  Testimony from a Border Foods employee indicated that it would have been almost impossible for the marijuana to have been loaded at Border Foods itself.  No evidence was presented to suggest that the Wrangler Jeans boxes had been loaded prior to Payne's arrival at Border Foods or that he had arranged to transport a legitimate load of Wrangler jeans.  Finally, Payne was carrying a loaded pistol and four cellular telephones, accoutrements that often indicate involvement in drug trafficking.

The circumstantial evidence was more than sufficient to prove to a rational trier of fact that Payne knew that he was transporting marijuana.  See Villarreal, 324 F.3d at 322. Accordingly, the convictions are AFFIRMED.